**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

PATRICIA A. RUSH

Case No. 3:16-bk-30084-SHB
Chapter 7

Debtor

**AMENDED MEMORANDUM ON
<u>TRUSTEE'S OBJECTION TO EXEMPTIONS</u>**

**APPEARANCES:**   MOSTOLLER, STULBERG, WHITFIELD & ALLEN
  Hannah Tippett, Esq.
  136 South Illinois Avenue
  Suite 104
  Oak Ridge, Tennessee  37830
  Attorneys for Debtor

  LAW OFFICES OF MAYER & NEWTON
  John P. Newton, Jr., Esq.
  1111 Northshore Drive
  Suite S-570
  Knoxville, Tennessee  37919
  Attorneys for John P. Newton, Jr., Trustee

**SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the Court on the Trustee's Objection to Exemptions ("Objection to Exemptions") [Doc. 25] filed by John P. Newton, Jr., Chapter 7 Trustee ("Trustee") on February 6, 2017. The Trustee objects to Debtor's claimed exemption of 100% of the back child support due to her as reflected in Amended Schedule C [Doc. 24] filed on January 24, 2017. Specifically, Debtor argues that she may exempt the back child support under 42 U.S.C. § 407 and Tennessee Code Annotated § 26-2-111(1)(A), (B), (C), and (F). [*Id.*]

The record before the Court includes the six stipulations of fact submitted on September 25, 2017 [Doc. 46], together with nine exhibits admitted into evidence and the testimony of Debtor at the evidentiary hearing held on October 5, 2017. The Court also takes judicial notice of material undisputed facts of record in Debtor's bankruptcy case pursuant to Rule 201 of the Federal Rules of Evidence and has considered the post-trial briefs filed by the Trustee on November 3 and by Debtor on November 17.

The parties jointly identified the following issues:

1. If "back child support" is owed to the Debtor at the time of the petition, is the "back child support" property of the estate?

2. If the "back child support" scheduled by the debtor is for a minor child at the time of the petition, is the "back child support" property of the estate?

3. Whether the Debtor can exempt the child support payments which are called "back child support" scheduled in the amount of $56,000 under 42 U.S.C. § 407 and/or T.C.A. § 26-2-111(1)(A)(B)(C) [*sic*]?

4. If the Debtor is not entitled to claim any "back child support" as exempt under T.C.A. § 26-2-111(1)(A)(B) and (C) [*sic*] or 42 U.S.C. § 407, what is the amount the debtor is entitled to exempt under any statute?

2

[Doc. 46.] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O), and this memorandum constitutes the Court's findings of fact and conclusions of law.[1] *See* Fed. R. Bankr. P. 7052, 9014(c).

## I. Facts and Background

Debtor filed the Voluntary Petition commencing this Chapter 7 bankruptcy case on January 13, 2016, and the Trustee was appointed. [Doc. 1; Doc. 46 at ¶¶ 1-2; Trial Ex. 1.] Along with her other statements and schedules, Debtor filed Schedule B reflecting, *inter alia*, an interest in "[b]ack child support owed by Bryan Scott Rush, Florida[;] [s]upport is paid through father's social security disability" ("Back Child Support"). [Doc. 1; Doc. 46 at ¶ 3; Trial Ex. 1.] The Back Child Support was valued by Debtor at $56,000.00, and Debtor initially claimed an exemption in the amount of $5,390.80, pursuant to Tennessee Code Annotated § 26-2-103. [Doc. 1; Doc. 46, at ¶ 3; Trial Ex. 1.] Debtor amended Schedule C on January 24, 2017, to claim the full value of the Back Child Support and to add the statutory bases for the full-value exemption under 42 U.S.C § 407 and Tennessee Code Annotated § 26-2-111(1)(A), -(B), and -(C). [Doc. 24; Doc. 46 at ¶ 4; Trial Ex. 2.] The Trustee timely objected to the amended exemptions on February 6, 2016, arguing that because Debtor does not receive Social Security benefits, she may not rely on the newly added statutes to exempt the entire amount of Back Child Support. [Doc. 25; Doc. 46 at ¶ 5; Trial Ex. 3.] One day before trial on the Trustee's objection, Debtor filed a second Amended Schedule C, adding Tennessee Code Annotated § 26-2-111(1)(F) as another statutory basis to exempt the full value of the Back Child Support.[2] [Doc.

---

[1] To the extent any of the findings of fact are considered conclusions of law, they are adopted as such. To the extent any of the conclusions of law are considered findings of fact, they are adopted as such.

[2] Although the Trustee did not file a written objection to the Second Amended Schedule C filed on October 4, 2017, he objected at trial, and the Court treats that objection as sufficient under Federal Rule of Bankruptcy Procedure 4003(b)(1).

3

49.] The Trustee does not object to the original claimed exemption in the amount of $5,390.80 under Tennessee Code Annotated § 26-2-103, but he asserts that the remaining $50,609.20 is property of the estate available for distribution to creditors. [Doc. 46 at ¶ 6.]

The Back Child Support stems from an Administrative Order for Modification of Current Support ("Child Support Order") entered by the State of Tennessee Department of Human Services on January 16, 2014, modifying the child support awarded in *Rush v. Rush*, docket no. 4983A, Roane County General Sessions Court. [Trial Ex. 4.] The Child Support Order required Debtor's former husband, Bryan S. Rush, to pay $250.00 monthly beginning in January 2014 to cure child support arrearages. [*Id.*]

Because the parties stipulated that the Back Child Support is, in fact, back child support, the pivotal question is whether it is property of the estate. If it is not property of the estate, the inquiry will end, but if it is property of the estate, the question will shift to whether Debtor may exempt it under any of the claimed statutory authorities. Because the Court finds that the Back Child Support is not property of Debtor's bankruptcy estate, the Trustee's objection will be overruled.

## II. Analysis

Debtor's bankruptcy estate, which included all of her property and property interests at the time, was created when she filed her bankruptcy case. 11 U.S.C. § 541(a). Nevertheless, to ensure that a debtor retains sufficient property for a fresh start, certain property interests may be exempted through 11 U.S.C. § 522 so that they are "subtracted from the bankruptcy estate and not distributed to creditors," *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003) (citations omitted). In order to claim property as exempt, Federal Rule of Bankruptcy Procedure 4003(a) requires debtors to file a statement listing the property and its value, the statutory basis

4

for the exemption, and the amount of the claimed exemption.[3]  Additionally, exemptions, which "are determined as of the date upon which the bankruptcy case is commenced, are construed liberally in favor of debtors, and should be construed in light of the purpose for which they are created." *In re Kennedy*, 552 B.R. 183, 189 (Bankr. E.D. Tenn. 2016) (citations omitted). Further, "when it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen." *In re Chapman*, 424 B.R. 823, 826 (Bankr. E.D. Tenn. 2010) (citations omitted).

The scope of the definition of "property of the estate" under § 541(a) is intended to be broad.  Subsection (b), however excludes, *inter alia*, "any power that the debtor may exercise solely for the benefit of an entity other than the debtor." 11 U.S.C. § 541(b)(1).  Also, "property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold." 11 U.S.C. § 541(d).  A debtor's listing of property in her statements and schedules does not convert such property to property of the estate because she is required to schedule all interests. *See, e.g., In re Christakos*, 553 B.R. 371, 375 (Bankr. W.D. Mo. 2016) (holding that because she was "absolutely required to list it," the Debtor's claiming an exemption in postpetition child support "was prudent, particularly since the question of whether it was an asset of the estate had not yet been determined" (citing *Home Serv. Oil Co. v. Cecil (In re Cecil)*, 542 B.R. 447, 453-54 (B.A.P. 8th Cir. 2015)).

Debtor's bankruptcy estate was created by operation of the Bankruptcy Code, but whether she has a property right to the Back Child Support such that it is property of the

---

[3] Because Tennessee has "opted out" of the federal exemptions pursuant to 11 U.S.C. § 522(b), Debtor was required to utilize Tennessee's statutory exemptions.

5

bankruptcy estate is determined by state law. *See In re Green*, 423 B.R. 867, 869 (Bankr. W.D. Ark. 2010). The courts are split over "whether child support arrearages should be included as part of the custodial parent's bankruptcy estate." *In re Poffenbarger*, 281 B.R. 379, 390 (Bankr. S.D. Ala. 2002) (citing cases). Analyzing the question as one of first impression under Alabama law, the *Poffenbarger* court cited the following conflicting cases:

> The cases which hold that child support arrearages are not assets of the custodial parent's bankruptcy estate are: *In re Hambright,* 762 N.E.2d 98, 104 (Ind. 2002) (decided by looking to Indiana law on child support; court holding that *In re Henady* "does not reflect the current status of Indiana law"); *Hurlbut v. Scarbrough,* 957 P.2d 839, 842 (Wyo. 1998) (applying Wyoming law); *In re Anders,* 151 B.R. 543, 546 (Bankr. D. Nev. 1993) (applying Nevada law); *In re Welch,* 31 B.R. 537, 540 (Bankr. D. Kan. 1983) (applying Kansas law); *In re King,* 233 B.R. 176 (Table), 1999 WL 83927 (B.A.P. 10th Cir. 1999) (applying Kansas law); *In re Gardner,* 243 F. Supp. 258, 260 (D. Or. 1965) (applying Oregon law); *aff'd sub nom Boston v. Gardner,* 365 F.2d 242 (9th Cir. 1966); and *Zimmerman v. Starnes,* 35 B.R. 1018, 1020–22 (D. Colo. 1984) (applying California and Colorado law). Although some of these cases arise in a slightly different procedural posture, the substantive holding on the child support issue in each of these cases is the same.
>
> The reported cases which represent the contrary view — i.e., that child support arrearages are property of the custodial parent's bankruptcy estate — are: *In re Harbour,* 227 B.R. 131, 132 (Bankr. S.D. Ohio 1998) (Ohio law); *In re Davis,* 167 B.R. 104, 106–07 (Bankr. S.D. Ohio 1994) (Ohio law); and, *In re Henady,* 165 B.R. 887, 893 (Bankr. N.D. Ind. 1994) (Indiana law).

*Id*. After review of the foregoing case law, its careful consideration of the issue, and "the fact that the state laws at issue in *Hambright*, *Hurlbut*, *Anders*, *Welch*, *King*, *Gardner*, and *Zimmerman* are very similar in several respects to Alabama law," the *Poffenbarger* court determined that "the better reasoned view" was that "[c]hild support arrearages are held by the custodial parents for the benefit of the children. As such, child support arrearages are not

6

property of the custodial parent, and a trustee in bankruptcy has no interest in them." *Id.* (quoting *In re Hambright*, 762 N.E.2d at 104).[4]

This view has also been endorsed and adopted by the Bankruptcy Court for the Western District of Tennessee. *See* Mem. & Order Re Trustee's 'Obj. to Confirmation' Combined With Related Orders & Notice of the Entry Thereof, *In re Turner*, No. 14-26711, slip op. at 5 (Bankr. W.D. Tenn. Dec. 15, 2014), at ECF No. 34 (Kennedy, C.J.).  Chief Judge David S. Kennedy found "the analysis of *In re Poffenbarger* to be persuasive (and also comport with equitable principles)" in answering in the negative the question of "whether prepetition child support arrearages that are owed to [the debtor], and are listed in her Schedule B, are property of [the debtor's] chapter 13 estate under 11 U.S.C. §§ 541 and 1306." *In re Turner*, slip op. at 1, 5.  In addition to citing with approval the *Poffenbarger* decision, Judge Kennedy also examined applicable Tennessee law concerning the interest that a custodial parent has in child support payments, finding that "the custodial parent or guardian is holding the child support payments in a consequential, equitable constructive trust[5] for the minor child as a beneficiary." *Id.* at 4;

---

[4] Subsequent to the *Poffenbarger* decision, other courts have analyzed the question under the respective state statutes and agreed that child support arrearages are not property of a custodial parent's estate. *See, e.g. Mehlhaff v. Allred (In re Mehlhaff)*, 491 B.R. 898, 904 n.32 (B.A.P. 8th Cir. 2013) ("We note that, in contrast to alimony, child support would not likely be property of the estate because, under South Dakota law, child support is for the child's benefit and is not considered to be a debt due the custodial parent."); *In re Perry*, No. 06-50237, 2009 WL 367079, at *3 (Bankr. D.S.D. Feb. 13, 2009) (holding that because the debtor "held the child support payments as trustee for her children[, s]he did not have an equitable interest in the child support arrearage; thus, the arrearage is not property of the bankruptcy estate"); *In re Palidora*, 310 B.R. 164, 167-68 (Bankr. D. Az. 2004) (holding that under Arizona statutory and case law, "an Arizona court would find that money paid by a former spouse to a custodial parent for child support pursuant to a court order are trust funds held by the custodial parent for the benefit of the child [and u]nder Bankruptcy Code § 541. . . , such funds are not property of the estate"). *But see In re Hughes*, No. 14-71879, 2015 WL 739808, at *4 (Bankr. C.D. Ill. Feb. 19, 2015) (finding that child support in Illinois is a right belonging to the custodial parent, not the child, and holding that it was property of the estate); *In re McKain*, 325 B.R. 842 (Bankr. D. Neb. 2005) (holding that under Nebraska statutory law, "child support paid to the party having custody of a minor child 'shall be the property of such party' unless it has been assigned to the Department of Health & Human Services," and therefore, is property of the estate).

[5] The Court finds here that the child support payments are held by the custodial parent in a constructive, resulting trust. *See Williams v. Leaver*, No. M2010-01874-COA-R3-CV, 2011 WL 4477972, at *8 (Tenn. Ct. App. Sept. 27, 2011) ("Broadly speaking, a resulting trust arises from the nature or circumstances of consideration involved in a transaction whereby one person becomes invested with a legal title but is obligated in equity to hold his legal title for

*accord Wilson v. Wilson*, 58 S.W.3d 718, 730 (Tenn. Ct. App. 2001) ("Although typically paid to a custodial parent, child support payments are clearly intended for the benefit of the child."). Applying this concept under Tennessee law to what constitutes property of the estate under § 541, Judge Kennedy arrived at the conclusion that "[i]f the parent or guardian of the minor child is, according to Tennessee law, holding the funds for the benefit of any minor children in the debtor's custody, the debtor would then be holding these monies for the 'benefit of an entity other than the debtor,' which would thereby prevent the prepetition child support payments from becoming property of the debtor's bankruptcy estate." *In re Turner*, slip op. at 5.

Analysis of relevant Tennessee law leads this Court to agree with Judge Kennedy and the majority of courts that child support arrearages do not fall within the scope of § 541(a) and, instead, are excluded from a debtor's bankruptcy case pursuant to § 541(b) and (d). "The overarching design of the child support laws in Tennessee place a clear obligation on parents to support their minor children. Those child support payments are paid to the custodial parent or custodian of the child, despite the fact that child support payments are intended for the benefit of the child." *Danelz v. Gayden*, No. W2012-01667-COA-R3-JV, 2013 WL 1190818, at *8 (Tenn. Ct. App. Mar. 25, 2013) (citing Tenn. Code Ann. § 36-5-101(c)(2)(A)(i)[6]; *see also Kirkpatrick v. O'Neal*, 197 S.W.3d 674, 680 (Tenn. 2006) (holding that "[t]he duty to support is ultimately owed to the minor child and is paid to an obligee parent or custodial third party on behalf of the child"). Indeed, "Tennessee courts have often stated the obvious, that child support is for the

---

the benefit of another, the intention of the former to hold in trust for the latter being implied or presumed as a matter of law, although no intention to create or hold in trust has been manifested, expressly or by inference, and there ordinarily being no fraud or constructive fraud involved. . . . [R]esulting trusts generally may . . . be imposed [when] . . . a court of equity, shaping its judgment in the most efficient form, . . . decree[s] a resulting trust—on an inquiry into the consideration of a transaction—in order to prevent a failure of justice." (quoting *In re Estate of Nichols*, 856 S.W.2d 397, 401 (Tenn. 1993))).

[6] Although the case references Tennessee Code Annotated § 36-5-101(b)(2)(A)(i), the relevant subsection is actually (c)(2)(A)(i).

benefit of the child, with no untoward effect on the requirements for the recipient of the child support payments." *Danelz*, 2013 WL 1190818, at *8 (citing *Lichtenwalter v. Lichtenwalter*, 229 S.W.3d 690, 692 (Tenn. 2007) ("[C]hild support payments are intended for the benefit of the child"); *Berryhill v. Rhodes*, 21 S.W.3d 188, 191 (Tenn. 2000) ("[A] child's right to support cannot be bargained away by a parent to the child's detriment."); *A.B.C. v. A.H.*, No. E2004–00916–COA–R3–CV, 2005 WL 74106, at *7 (Tenn. Ct. App. Jan. 13, 2005) ("The child is the beneficiary of the child support payments made by the non-custodial parent." (citing *Rutledge v. Barrett*, 802 S.W.2d 604, 607 (Tenn. 1991)); *Hite v. Hite*, No. 03A01–9511–CV–00410, 1996 WL 600333, at *3 (Tenn. Ct. App. Oct. 16, 1996) ("The father's duty of support is owed to the child, not to the mother.")). Despite the fact that Tennessee courts give the custodial parent "the privilege and responsibility of dictating how child support funds should be used," *Smith v. Smith*, 255 S.W.3d 77, 85 (Tenn. Ct. App. 2007), and that "the right of recovery for an arrearage 'is a vested right that lies with the parent to whom the child support is due,'" *Danelz*, 2013 WL 1190818, at *8 (quoting *Lichtenwalter*, 229 S.W.3d at 693), Tennessee courts also have repeatedly refused to allow child support to be used to offset debt owed by the custodial parent to the obligor parent. *See Harris v. Harris*, 83 S.W.3d 137, 141 (Tenn. Ct. App. 2001) (citing *Hayes v. Hayes*, No. W1999-00445-COA-R3-CV, 2000 WL 987331 (Tenn. Ct. App. July 12, 2000); *Oliver v. Oczkowica*, No. 89-396-II, 1990 WL 64534 (Tenn. Ct. App. May 18, 1990)).

In this case, Debtor was the custodial parent and thus entitled to receive child support payments from her former husband on behalf of her minor children; however, under Tennessee law, the child support payments, while payable to her, were for the benefit of her children. The Back Child Support represents past-due payments owed for the benefit of Debtor's son,[7] and it is

---

[7] The Court notes that the worksheet attached to the Child Support Order identifies only Debtor's son, Bryan A. Rush, as the child for whom the support was ordered. [*See* Trial Ex. 4.] Bryan was Debtor's minor son at the time she filed

irrelevant that the children are now past the age of majority and no longer entitled to prospective child support from their father or that the Back Child Support is being paid directly to Debtor under the terms of the Child Support Order.

### III.  Conclusion

Because the Court finds that the Back Child Support is not property of Debtor's bankruptcy estate, the Trustee's Objection to Exemption will be overruled.  The Court will enter an Order consistent with this Memorandum.

FILED:  March 1, 2018

BY THE COURT

/s/ Suzanne H. Bauknight

SUZANNE H. BAUKNIGHT
UNITED STATES BANKRUPTCY JUDGE

---

the petition in this case, and it matters not for this analysis that he turned eighteen years of age a mere nine days after Debtor filed her petition.  [*See id.*]  The Court need not decide whether back child support is property of the estate when it is owed to a debtor whose children are no longer minors when the bankruptcy petition is filed.  By its very definition, property of a debtor's estate under 11 U.S.C. § 521(a) is determined "as of the commencement of the case," i.e., the petition date. *See, e.g., Whittaker v. Groves Venture, LLC (In re Bolon)*, 538 B.R. 391, 402 (Bankr. S.D. Ohio 2015) (citing *Seafort v. Burden (In re Seafort)*, 669 F.3d 662, 670 (6th Cir. 2012)); *accord In re Strickland*, No. 09-41624, 2010 WL 1417030, at *2 (distinguishing *In re Poffenbarger* because "the Debtor's duty to support her child had already ended when she filed her petition").